UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Michael Werts, #337940, | ) C/A No. 4:10-1608-TLW-TER |
| Plaintiff, | ) |
| | ) Report and Recommendation |
| vs. | ) |
| Ms. McFadden, | ) |
| Defendant. | ) |

Plaintiff, Anthony Michael Werts (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate in Broad River Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff was previously incarcerated in the Greenwood County Detention Center (GCDC) and this Complaint names GCDC's head nurse as Defendant.[2] Because Plaintiff's Complaint fails to state a claim upon which relief may be granted and because this case is duplicative of a previous case filed by Plaintiff, the Complaint should be dismissed without prejudice and without issuance and service of process.

## *Pro Se* and *In Forma Pauperis* Review

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement

2

of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **Discussion**

Plaintiff previously brought two § 1983 actions in this District Court involving the same facts and asserting similar allegations as the instant action. *See Anthony M. Werts v. Greenwood County Detention Center, Lt. Butler, and Maj. Anderson,* Civil Action No. 4:08-1852-TLW-TER, which was summarily dismissed on December 22, 2008, and *Anthony M. Werts v. Maj. Anderson, Capt. Middleton, Sgt. Manley, Sgt. Lark, and Ms. McFadden*, Civil Action No. 4:08-3291-TLW-TER, in which summary judgment was granted as to Defendants Anderson, Middleton, Manley, and Lark, and summary dismissal without prejudice was granted as to Defendant McFadden, on December 18, 2009. On April 22, 2010, Plaintiff filed a Motion to Reopen the Case in Civil Action No. 4:08-3291-TLW-TER.

This court takes judicial notice of Civil Action No. 4:08-1852-TLW-TER and Civil Action No. 4:08-3291-TLW-TER. A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding). *See also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949). In *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970), the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

3

In the instant Complaint, Plaintiff currently seeks "to reopen this [previous] case [Civil Action No. 4:08-3291-TLW-TER] as a medical malpractice lawsuit against Ms. McFadden for the sum of $1.5 million dollars for not getting or making an effort to treat my HIV condition" [while Plaintiff was a pretrial detainee at GCDC] because "[i]t has caused me to have a problem with my ears and the wax that builds up in my ears. And a problem with long term care at SCDC." (Complaint 5). Plaintiff alleges that Defendant McFadden "was told by DEHC [sic] that my viral load was in the danger zone...putting my health at risk when I was at the Greenwood County Detention Center. She treated me by not getting the proper medical care. Although did not have the means or funding to do so. But can help other inmates out by getting meds for them through a medical provider when they need medication." (Complaint 3). Plaintiff also alleges that he was not served with a pleading in Civil Action No. 4:08-3291-TLW-TER (*i.e.* Defendant McFadden's Reply to Plaintiff's Response to Defendant McFadden's Motion to Dismiss) and thus was treated unfairly in his previous case because "evidence was withheld" from him when this Court granted summary dismissal as to Defendant McFadden and summary judgment as to Defendants Anderson, Middleton, Manley, and Lark. Plaintiff's Complaint states that he is "claiming an appeal to the final judgment on my case" and asks, in the alternative, that he be allowed to "start another lawsuit . . . under a different judge." (Complaint 4).

As an initial matter, to the extent that Plaintiff may be attempting to appeal the final judgment entered by this Court on December 18, 2009 in Civil Action No. 4:08-3291-TLW-TER, he cannot do so by filing the instant Complaint in this Court. Under the Federal Rules of Appellate Procedure, a notice of appeal of a final judgment in a civil action must be filed within thirty (30) days after its entry. *See* F.R.App.P. 4(a). Instead of filing a Notice of Appeal in his previous case,

4

Plaintiff filed a Motion to Reopen the Case, on April 22, 2010. The Defendants in the previous case, including Defendant McFadden, filed a Response to Plaintiff's Motion to Reopen the Case, on May 3, 2010. Now, Plaintiff has also filed the instant, separate Complaint which is duplicative of his motion to reopen the case in Civil Action No. 4:08-3291-TLW-TER. A plaintiff should not be allowed to "bring piece-meal litigation by naming different defendants and alleging new causes of action, when all of his claims arise from the same operative facts." *Ali v. Jeng*, 1996 U.S. App. LEXIS 1329 at *8 (4th Cir. June 4, 1996)(affirming award of summary judgment based on collateral estoppel and *res judicata*). While the doctrine of *res judicata* does not bar Plaintiff from filing the instant case against Defendant McFadden, because his previous lawsuit against her was summarily dismissed without prejudice (while the other Defendants in that lawsuit were granted summary judgment), the operative facts that Plaintiff alleges in the instant Complaint are duplicative of the facts alleged in Civil Action No. 4:08-3291-TLW-TER and this Complaint should be summarily dismissed in the interests of judicial economy and efficiency.

With respect to medical care, a prisoner seeking compensation in a § 1983 case [3] "must allege acts or omissions sufficiently harmful to evidence *deliberate indifference to serious medical needs*." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (emphasis added). [4] In *Estelle*, the prisoner

---

[3] The facial viability of Plaintiff's Complaint is being considered under this Court's federal question jurisdiction based on 42 U.S.C. § 1983 since there does not appear to be any diversity of citizenship of the parties shown on the face of the Complaint. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

[4] Medical claims of a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *See City of Revere v. Massachusetts Gen. Hosp.*,

contended that other examinations should have been conducted by the prison's medical staff and that X-rays should have been taken. The Supreme Court pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Estelle*, 429 U.S. at 105. "Although the Constitution does require that prisoners be provided with a certain *minimum level of medical treatment*, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988)(emphasis added). *Cf. Whitley v. Albers*, 475 U.S. 312, 320 (1986)(a state's responsibility to attend to the medical needs of prisoners does not ordinarily clash with other equally important governmental responsibilities). Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga.. 1994)(collecting cases).

Under *Estelle*, the failure of the Defendants to take Plaintiff to outside hospitals or physicians as quickly as Plaintiff might have desired and any negligence or possible malpractice that might have occurred while the medical personnel were attempting to treat Plaintiff's medical problem did not rise to the level of compensable constitutional violations. *Estelle*, 429 U.S. at 105. In *Lamb v. Maschner*, 633 F. Supp. 351 (D. Kan. 1986), the district court ruled that the proper inquiry for indifference is whether the prison or jail provided *any* treatment, and that the plaintiff's agreement or disagreement with the nature and extent of treatment provided is irrelevant:

> Even though plaintiff and defendants have a differing opinion as to the proper treatment to be received by plaintiff, this does not in and of itself state a constitutional violation. *See Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976). Therefore, the key question in this case is

---

463 U.S. 239 (1983). However, the inquiry as to whether a pretrial detainee's rights were violated under the Fourteenth Amendment is the same as that for a convicted prisoner under the Eighth Amendment (deliberate indifference to a serious medical need). *See Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988)(citing *Estelle v. Gamble*, 429 U.S. 97 (1976)).

> whether the defendants have provided plaintiff with some kind of
> treatment, regardless of whether it is what plaintiff desires.

*Lamb*, 633 F. Supp. at 353; *see Walker v. Peters*, 863 F. Supp. 671 (N.D. Ill.1994)(under *Farmer v. Brennan*, "mere disagreements between doctor and patient about the course of treatment do not reflect 'deliberate indifference' on the part of the former, although if the patient is right he or she might have a common law (not a constitutional) claim for medical malpractice").

The decision of the Supreme Court of the United States in *Farmer v. Brennan*, 511 U.S. 825 (1994), does not require that process be issued in this case because the allegations in the Complaint specifically allege only a possible claim of medical malpractice by Defendant. It is well settled that negligent or incorrect medical treatment (medical malpractice) is not actionable under 42 U.S.C. § 1983. *Estelle*, 429 U.S. at 106. Negligence, in general, is not actionable under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327, 328-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *see Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (applying *Daniels* and *Ruefly* : "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Also, § 1983 does not impose liability for violations of duties of care arising under state law. *See, e.g.*, *Brooks v. Celeste*, 39 F.3d 125 (6th Cir.1994)(Although several courts prior to the Supreme Court's decision in *Farmer v. Brennan* held that "repeated acts of negligence could by themselves constitute deliberate indifference, *Farmer* teaches otherwise."); *Sellers v. Henman*, 41 F.3d 1100 (7th Cir. 1994)("If act A committed by the X prison shows negligence but not deliberate indifference, and B the same, and likewise C, the prison is not guilty of deliberate indifference."); *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990).

Although claims of negligence and medical malpractice are actionable under South Carolina law, they should be brought *only* in state court *unless* diversity of citizenship is present. *See* S.C. Code Ann., § 15-78-30(a)(South Carolina Torts Claims Act governs negligence actions against a state official or employee); *Browning v. Hartvigsen*, 414 S.E.2d 115, 116-18, 116 n.1, 117 n.2 (S.C. 1992); *see also Willis v. Wu*, 607 S.E.2d 63 (S.C. 2004)(a malpractice action against non-governmental medical personnel; pursued under the state's general tort law). If there is diversity of citizenship and over seventy-five thousand dollars ($75,000.00) in controversy in a medical malpractice case, it can be heard in this Court pursuant to its diversity jurisdiction. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties *and* an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). There is no diversity of citizenship in this case, however, because Plaintiff and Defendant are residents of the State of South Carolina as shown by the allegations in the Complaint and in the service documents submitted by Plaintiff. (Complaint 2).

As noted above, the standard for inadequate medical attention is deliberate indifference to a serious medical need of a prisoner. *See Estelle*, 429 U.S. at 104-05. A "serious" medical need exists when failure to treat a prisoner's serious condition will result in significant injury or "unnecessary and wanton infliction of pain." *Id.* Prison officials are considered to have acted with

deliberate indifference if they know of and disregard an excessive risk to an inmate's health or safety. *See Farmer*, 511 U.S. at 837. Specifically, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* This indifference can be manifested by prison guards who intentionally deny or delay access to medical care or by prison doctors in their response, or lack thereof, to a prisoner's needs. *Estelle*, 429 U.S. at 104. Disagreements between an inmate and a physician concerning the proper medical care required of an inmate do not constitute a claim under § 1983, unless exceptional circumstances are alleged. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (citing *Gittlemacker v. Prasse*, 428 F.2d 1 (3d Cir. 1970)).

In the instant Complaint, Plaintiff does not allege that any physical harm resulted from Defendant McFadden's medical treatment or lack of medical treatment. He only alleges that his health was put at risk as a result of Defendant McFadden's action or inaction. In his previous case (Civil Action No. 4:08-3291-TLW-TER), Plaintiff alleged that Defendant McFadden refused to give him a band-aid for a blister on his hand; that she knew of his HIV status and that his "viral load was dangerously low from a DEHEC [sic] representative;" and that she did nothing about his being housed in a cold, nasty cell. Plaintiff asserted that HIV can be serious and that "defendant McFadden is just a nurse that does not have the knowledge for HIV." (Response, doc.#40). In that case, because Plaintiff did not allege any injury as a result of Defendant McFadden's action or inaction, this Court found that Plaintiff failed to show any physical harm or injury as a result of his allegations and summarily dismissed his complaint against Defendant McFadden.

Here, similarly, Plaintiff has not alleged any specific injury, or any unnecessary or wanton infliction of pain, only "a problem . . . with the wax that builds up in my ears." (Complaint 5). Any

9

allegations of injury in the instant Complaint are *de minimis*. Here again, as he did in Civil Action No. 4:08-3291-TLW-TER, Plaintiff alleges what could have happened as a result of Defendant's acts or omissions "my viral load was dangerously high putting my health at risk when I was at the Greenwood County Detention Center." (Complaint 3). Such speculation, however, falls short of alleging actual serious or significant injury. *See Moseley v. King*, 2006 U.S. Dist. LEXIS 74168 (D.S.C., Aug. 31, 2006) adopted by, summary judgment granted by, writ of mandamus denied *Moseley v. King*, 2006 U.S. Dist. LEXIS 74167 (D.S.C., Sept, 28, 2006). Plaintiff fails to establish a constitutional claim because he has not shown any serious or significant physical or emotional injury resulting from the alleged inadequate medical attention. *See Strickler v. Waters*. 989 F.2d 1375, 1380-81 (4th Cir. 1993). Further, the PLRA provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.

The PLRA does not define "physical injury" and the Fourth Circuit has not ruled on the issue, but the Fifth Circuit has held that "physical injury" must be more than *de minimis*, but need not be significant. *Siglar v. Hightower*, 112 F.3d 191 (5th Cir.1997)(concluding that a sore, bruised ear lasting for three days was *de minimis* and failed to meet the requisite physical injury to support a claim of emotional or mental suffering); *see also Zehner v. Trigg*, 952 F.Supp. 1318 (S.D. Ind. (continued ... ) 1997)(exposure to asbestos not physical injury necessary to support claim for mental or emotional injury under the PLRA). Thus, even taking all of Plaintiff's allegations in the instant Complaint as true, it is clear that no relief could be granted under any set of facts that could be proved consistent with those allegations. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III
Thomas E. Rogers, III.
United States Magistrate Judge

July 29, 2010
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>Post Office Box 2317
>Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).