**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Anthony Michael Werts, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 4:10-cv-1608-JMC |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Ms. McFadden, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the Magistrate Judge's Report and Recommendation [Doc. # 9], filed on July 29, 2010, recommending that Plaintiff Anthony Michael Werts's Complaint be dismissed without prejudice and without issuance and service of process. Plaintiff brings this action under 42 U.S.C. § 1983. Plaintiff is an inmate in the Broad River Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff was previously incarcerated in the Greenwood County Detention Center ("GCDC") and this Complaint names GCDC's head nurse as Defendant. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation without a recitation.

**STANDARD OF REVIEW**

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

Plaintiff previously brought two section 1983 actions in this court involving the same facts and asserting similar allegations as the instant action. On December 22, 2008, *Anthony M. Werts v. Greenwood County Detention Center, Lt. Butler, and Maj. Anderson,* Civil Action No. 4:08-1852-TLW-TER, was summarily dismissed; and on December 18, 2009, in *Anthony M. Werts v. Maj. Anderson, Capt. Middleton, Sgt. Manley, Sgt. Lark, and Ms. McFadden*, Civil Action No. 4:08-3291-TLW-TER, summary judgment was granted as to Defendants Anderson, Middleton, Manley, and Lark, and summary dismissal without prejudice was granted as to Defendant McFadden. On April 22, 2010, Plaintiff filed a Motion to Reopen the Case in Civil Action No. 4:08-3291-TLW-TER.

Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation. [Doc. # 11]. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The court was able to discern specific objections to the Magistrate Judge's Report and Recommendation. First, Plaintiff objects to the Magistrate Judge's finding that the instant facts "involv[e] the same facts and . . . similar allegations . . ." as the two previous cases Plaintiff filed. After reviewing the underlying complaints of the two previous cases, the court adopts the Magistrate Judge's finding and overrules Plaintiff's objection. *See* Civil Action No. 4:08-1852-TLW-TER [Doc. # 1]; *see also* Civil Action No. 4:08-3291-TLW-TER [Doc. # 1]. Plaintiff next objects that he was not served with process in Civil Action No. 4:08-3291-TLW-TER, and he objects to the Magistrate Judge's discussion of that issue. [Doc. # 9, at 4]. However the court overrules this objection because service of process in Civil Action No. 4:08-3291-TLW-TER is not relevant to the disposition of the instant case. Finally,

Plaintiff objects by attempting to establish that he is not a resident of South Carolina and that diversity jurisdiction exists. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), prevents Plaintiff from relying on section 1983 in support of his medical malpractice claim, and as the Magistrate Judge noted "claims of negligence and medical malpractice . . . actionable under South Carolina law . . . should be brought *only* in state court *unless* diversity of citizenship is present." [Doc. # 9] citing S.C. Code Ann. § 15-78-30(a) (2009). However, Plaintiff's attempt to avail himself of diversity jurisdiction fails because Plaintiff and Defendant are residents of the State of South Carolina as shown in the allegations of Plaintiff's Complaint. [Doc. # 1, ¶ 3].

## CONCLUSION

For the foregoing reasons, the court adopts the Magistrate Judge's Report and Recommendation [Doc. # 9]. Plaintiff's Complaint is hereby dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

> s/ J. Michelle Childs
> United States District Judge

January 6, 2011
Greenville, South Carolina